UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA

Case No: 09-20536-09

v.

ARIQ McCULLOH

_____/

# DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the Defendant be detained pending trial.

**Part I - Findings of Fact**

**A.  Motion to Detain (18 U.S.C. §§ 3142(a) and 3142(f)(1))**

__X__ (1)  The Government moved for detention at the defendant's first appearance pursuant to:

  __X__  18 U.S.C. § 3142(f)(1).

  ____  18 U.S.C. § 3142(f)(2).

____ (2)  A detention hearing was held on this judicial officer's motion pursuant to 18 U.S.C. § 3142(f)(2).  See part D for findings.

**B.  Rebuttable Presumption – Defendant on Release Pending Trial (18 U.S.C. §3142(e)(2))**

____ (1)  The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1), and has previously been convicted of a crime listed in 18 U.S.C. § 3142(f)(1), or comparable state or local offense.

____ (2)  The offense described in finding was committed while the defendant was on release pending trial for a federal, state or local offense.

|     |     |     |
| --- | --- | --- |
| __ | (3) | A period of less than five years has elapsed since |

        __    the date of conviction, **or**

        __    the defendant's release from prison for the offense described in finding (B)(1).

__    (4)    Findings (B)(1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of another person or the community.

**C.    Rebuttable Presumption – Probable Cause (18 U.S.C. § 3142(e)(3))**

There is probable cause to believe that the defendant has committed an offense:

    _X_    for which a maximum prison term of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 *et seq.*)[1], **or**

    __    under 18 U.S.C. § 924(c), 18 U.S.C. § 956(a) or 18 U.S.C. § 2332b, **or**

    __    listed in 18 U.S.C. § 2332b(g)(5) (federal crimes of terrorism) for which the prison term is 10 or more years, **or**

    __    listed in 18 U.S.C. §§ 1581-1594 (slavery or trafficking in persons), **or**

    __    involving a minor victim listed in 18 U.S.C. § 3142(e)(3)(E).

**D.    Findings Pursuant to 18 U.S.C. § 3142(f)(2)**

__    (1)    There is a serious risk that the defendant will not appear.

__    (2)    There is a serious risk that the defendant will endanger the safety of another person or the community.

---

[1] Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

**Part II - Statement of the Reasons for Detention**

I find that the testimony and information submitted at the detention hearing establishes:

__   by clear and convincing evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the safety of the community; **or**

__   by a preponderance of the evidence that, for the reasons set forth below, there is no condition or combination of conditions which will reasonably assure the Defendant's appearance; **or**

_X_   both of the above.

**Statement of reasons for detention pursuant to 42 U.S.C. § 3142(i):**

Having concluded that the Government timely moved for detention pursuant to 18 U.S.C. § 3142(a) in a case described in 18 U.S.C. § 3142(f), and that a rebuttable presumption in favor of detention applies in this case, the Court must consider whether there is sufficient evidence on the record to rebut the presumption under the factors set forth in subsection § 3142(g).

As to the factors set forth in subsections (g)(1) and (g)(2), I find that the offense charged involves narcotic drugs, specifically crack and powder cocaine.  I further find, from the grand jury having returned an indictment, that there is a definite weight of evidence, at least rising to the level of probable cause, supporting the charges against Defendant.

As to subsection 3142(g)(3), I find that Defendant is currently 22 years of age, has a tenth grade education, and was attending a GED program at the time of his arrest.  During his processing by Pretrial Services, Defendant admitted a transient lifestyle and stated that he had friends who supported him.  He stated that essentially all of his family lives in

Louisiana, and gave no local address to Pretrial Services.  Defendant reported brief periods of employment in the Bay City area at the Do-All Company, as well as at Future Vision in Saginaw.  In 2006 and 2007, Defendant worked briefly at various fast food restaurants.

Defendant admitted to Pretrial Services that he has used marijuana in the past.  Although a urine specimen was taken, Pretrial Services ran out of preliminary test kits.  Therefore the Court does not have preliminary urinalysis results at this time.

In July 2006, Defendant pled guilty to domestic violence and was placed on probation.  In November 2007, Defendant again pled guilty to a misdemeanor domestic violence charge and was sentenced to 42 days' custody and 18 months' probation.  The Government proffers that the conduct giving rise to the current charges against Defendant occurred while on that probation.  In October 2008,  Defendant pled guilty to a high court misdemeanor charge of assaulting or resisting a police officer.  From review of court records, the Government proffers that Defendant's sentence on that conviction was twice delayed because of his failure to appear.  The Government also states that records of the Bay County District Court indicate violation of probation proceedings against Defendant, as well as a violation of bond.

The Government further proffers that evidence obtained through a Title II wiretap indicates a propensity for violence on the part of Defendant.  The Court's review of partial transcripts of the Title II materials during the process of considering search warrant applications corroborates the Government's representations.  The transcripts further corroborate Defendant's consistent pattern of drug dealing.  At least seven circuits and a number of district courts have held that continued drug dealing constitutes a danger to the community.  See *United States v. Hare*, 873 F.2d 796, 798 (5th Cir. 1989); *United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1986); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986); *United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985); *United States v. Williams (Melvin)*, 753 F.2d 329, 335 (4th Cir. 1985); *United States v. Kelley*, No. 08-40011-01-RDR,

2008 WL 821951, at *2-*3 (D. Kan. Mar. 26, 2008); *United States v. Rivera-Febres*, No. 07-054(DRD), 2007 WL 4287515, at *4 (D.P.R. Dec. 4, 2007); *United States v. Caniglia*, No. 02-188-01, 2002 WL 32351181, at *5 (E.D. Pa. Apr. 9, 2002).

Accordingly, in light of Defendant's complete lack of a stable address, the fact that he has few if any meaningful ties either to this community or to this state, and in light of his propensity for violence as indicated by his criminal history, I conclude that the presumption in favor of detention has not been rebutted on the evidence presented.  Even if it had been, I further conclude that there are no conditions, nor any combination of conditions, that would assure the safety of the community or Defendant's appearance as required.  Therefore, the motion to detain is **GRANTED.**

**Part III - Directions Regarding Detention**

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal.  The defendant must be afforded a reasonable opportunity to consult privately with defense counsel.  On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Review of this Order is governed by 18 U.S.C. § 3145 and E.D. Mich. L.R. 57.2.

　　　　　　　　　　　　　　　　　　　s/ *Charles E Binder*
　　　　　　　　　　　　　　　　　　　CHARLES E. BINDER
Dated: November 16, 2009　　　　　　United States Magistrate Judge

## **CERTIFICATION**

      I hereby certify that this Order was electronically filed this date, electronically served on Shane Waller and Russ Perry, and served on Pretrial Services and the U.S. Marshal's Service in the traditional manner.

Date: November 16, 2009        By    *s/Jean L. Broucek*
                                       Case Manager to Magistrate Judge Binder